Good morning, Your Honor. I thank you. Please proceed. I ask for two minutes for response. Keep your eye on that clock. Whatever you have left over is yours. Okay. In the McBell case, this Court held that Congress requires sentencing judges to look to ten sentencing factors in regular criminal sentencing cases, but only eight of those factors apply in sentencing for revocation of supervised release. And one of the omitted factors is just punishment and whether the sentence reflects the seriousness of the offense. In Mr. Moore's case, the judge gave a sentencing explanation which was grounded entirely in punishment justification, depending on the seriousness of the offense, stating that his justification for giving the kind of sentence he gave, essentially a maximum or near maximum sentence, that crack is sold in minority communities instead of to Hollywood stars. That's my argument, is that that is an explanation that is grounded in punishment. It is an explanation that has been used before. I don't know. It sounds to me like an explanation grounded in evenhandedness. It is an explanation, evenhandedness, that, you know, people should not be treated worse because they are in minority communities as opposed to Hollywood. It doesn't sound to me like punishment. Don't we presume that district judges know the law and that we don't expect them to list every single factor that they consider? The point is that they have the factors for one of them and give an explanation that's rational. Isn't that the end of our inquiry? No, Your Honor, because in this case the judge recognized that he was not supposed to say the word punishment. He's the same judge in McBell, and he said he knows that case. He knows he won't ever say the word punishment. But then what he explains in his sentencing is that this sentence is more is okay because crack is more serious than powder, and he's talking about underlying criminal conduct, and I don't see where any of the other factors, he doesn't mention any other factor to explain how that relates to punishment for supervised release. If he said that in a regular case, it's perfectly fine. In sentencing for crack cocaine, he can disagree with Congress and the Fair Sentencing Act. He can still impose harsh sentences on crack if he doesn't like the new, more modern, near equalization, that's fine. But in supervised release, it's different. Now, the government has never responded to that argument, so we don't really ---- You're not arguing with the substantive reasonness of the sentence, I take it? Well, I mentioned that, but ---- You sort of do mention it, but I didn't quite get it. I just want to put that aside. If the district judge gave what you thought was an adequate explanation, the sentence here was just, what, 50 ---- Right. I think it's inadequate because you have to strike out the punishment part. And in McBell, the Court says that a revocation sentence would be unreasonable if the Court bases its sentence primarily on an omitted factor in a supervised release case. And that's what this description of what his reasoning for giving a higher revocation sentence to people who are on supervised release for crack than they were ---- would be if they were on supervised release for powder. He doesn't say, I'd give both kinds the maximum because those are so serious. He says it's higher because it's crack, and not that it's crack this time, but it's crack in the past. That's how, when you look at the guideline book, it tells the judge in Chapter 7B, 1.4, it tells the judge he should give a higher sentence to people on supervised release depending on what they were on supervised release for. That guideline itself is kind of questionable because that is punishment-based. But it's just the starting point for sentencing. And here, why should we put a higher sentence on someone because they, of what they did 12 years before? It doesn't make any sense under the permitted sentencing factors. And the judge didn't explain why. Kennedy, you believe, Counselor, that the weight the Court gave to the seriousness of his criminal conduct is clear or unclear? To the ---- To what you're talking about. Yes, that's ---- Do you believe it's clear or just unclear? I don't follow. Well, I mean, he didn't say anything except that one phrase. So are you saying it's clear that that's what he was doing? Or are you just saying it's questionable and so we ought to send it back? No, I think it's clear that he made that, that he ---- Well, there's no question he made the comment. Well, it's ---- The question in my mind is, reviewing the record in its entirety and him knowing what the deal was, is it absolutely clear that's where we're going, or is it just one offhanded comment that doesn't quite cut it? Well, I think it is quite clear because of the amount of argument that he listened to on that issue of whether or not the disparity was valid or not in this context. And he got a full explanation, and the government proffered the explanation that crack is more serious than powder cocaine, which has been used in substantive sentencing many times. And I think he adopted the government's argument that the crack powder disparity is good or is okay, and he applied it here. But I think the problem is that that, because it's punishment based, you can't use that same argument that you would be able to use in a regular case and bring it over to supervised release. I'm not so sure that it's that clear to me that that was his primary consideration, counsel. What should I make of the comment of the district court judge that if it were, even if it were powder, he'd be looking for an upward adjustment because of this defendant's doing the very same crime and missing drug treatment. Doesn't that go to trust, violating the court's trust while he's unsupervised released? That would be if he had – he didn't exactly say he would give an upward departure. He mentioned that there were things that could justify that, but then he – that was at the introduction. When he was actually asked to explain his sentence, he didn't say that. So to answer my question, I'm asking what should I make of these earlier comments given Chief Judge – Chief Judge Kaczynski's reminder that we're supposed to look at the record and presume the judge knows the law. He said that he knows he's not supposed to punish this defendant. What do you think I should do with these earlier comments? Well, I think it – it does suggest that the judge might have looked at an upward departure, but how much? He doesn't ever get to whether he would have given a little bit of an upward departure or a big upward departure. There's a range of about a year, 25 percent, whether he would have gone up 10 percent, 20 percent, and I think that that is what brings us to the more – and to the bigger issue here is whether there – that guideline that he was applying, it was actually applied wrong, and it is – I do agree I didn't raise it. Let's say we agree with you on this. What would you be asking for, a do-over? Yes, a do-over, but I would like the Court to rule on whether or not the Fair Sentencing Act, on the argument of whether that Chapter 7B1.4 does incorporate the Class A felony in effect on the day of the sentencing or whether it goes back. Well, isn't – doesn't Baptiste do that? Don't we say in Baptiste exactly what the rule is? No, because that's in a different context. This is a – when I'm asking the Court not to go back and change the sentence, but just when you read the guideline book and you use the guideline book, that guideline tells you to use the higher guideline, that that guideline tells you to look to the sentencing classification of the original crime and to determine how to sentence. And when we look at that decision, the reason you do that and the whole purpose of that guideline is to establish a reasonable sentence and not to consider punishment. And I think looking at the newest version is consistent with the guideline book, because what it's used for on that day is to find a reasonable sentence looking at all factors, including the – You have about half a minute left. You want to preserve that? Preserve.  Thank you. We'll hear from the government. Please, the Court. Good morning. My name is Richard Bender. I'm the assistant U.S. attorney that was assigned to Mr. Moore's case back in 1990 as well as presently. My first comment is I think there's a basic misunderstanding that the defense counsel is trying to portray to the Court, and that is the seriousness of the offense must mean punishment. Therefore, if the Court considers the seriousness of the offense, it wasn't allowed to do that under the 3553 factors. And that is just wrong. Among the 3553 factors the Court can consider in a TSR violation is the deterrence, the deterrent of this individual defendant and the deterrent of the public from that. They can also consider the protection of the public. I would note that the dispositional memo put out by the probation officer when he was sentenced in this case said that the defendant needed to be put away essentially for the protection of the public, given his history, given his history of three felony convictions for drug trafficking offenses and one felony conviction for assault with a deadly weapon, in this case a firearm, and then he also had a juvenile attempted rape conviction. Horrible record, consistent from at least 1980. And so it was certainly within the purviews of the district judge to consider the fact that this defendant had gone right back into trafficking crack cocaine and that a long sentence was necessary both to deter him and for the protection of the public. So, you know, that's a basic misunderstanding. The second major point that the defense was trying to bring up is that you should go back and reclassify, come up with a new grade for this offense in the 1990 original sentence. That would be at odds both with the Supreme Court's case in Comedy, which is almost directly on point, and it also would be at odds with the way the guidelines operate. If you look at the criminal history category, it specifically says in the guideline ‑‑ excuse me, in the commentaries that you have to go back and apply the criminal history category that applied at that time. So it's a back-looking kind of process. So for all of those reasons, it would be inappropriate to do that. Was the issue about calculating the applicable sentencing guideline range for the violation ever raised to the district court? Not the way he's raising it here. He is raising it here in a different context. He didn't ask the district court to go back and change it. He asked that if you looked at it as powder cocaine, it would have been different. And that's how he raised it. So is that the end of the inquiry? Well, he argues that you're allowed to ‑‑ he can still raise it, not having raised it below. I understand his argument. I just want to know your response. I think it is. The briefs have a somewhat lengthy discussion about what's the standard review and all that. But whatever standard you use, I think it comes to the same conclusion. But the government really isn't going to suffer any prejudice, are they? Yes, Your Honor. I think if this had been raised below, the government, among other things, would have looked back, if you note in the commentary to the Chapter 7 TSR violations, it talks about one of the things the district court can consider is that the defendant received a substantial reduction for assistance for cooperation, which he did in this case. He went from ‑‑ Government asked for it, correct? Right. He went from 262 to 132, almost a full 50 percent. And the commentaries do say the courts can certainly look back and consider the fact that he was given this huge break before, and he has squandered it, so to speak. So we certainly would have raised that argument. We probably would have dug in a lot more into his criminal history and certainly brought forth the case law to show the court why it would be inappropriate to reclassify the original 2,000 offense. So that would be the prejudice that we would say. But essentially it's unfair both to the district court, it's unfair to the government just to raise it new on appeal. Okay. Thank you. If the Court has no further questions, thank you very much. Okay. The most important thing is I think there are ‑‑ I do recognize there's ways that the sentencing judge could have got to a sentence of this number if he had ‑‑ but we don't know for sure that that's what he would have done. But the other thing is that it would be more fair to him to be sentenced on those grounds, on the record. And it's not that harmful to the government to have to do another little sentencing with this brief record. Thank you. Thank you. The case is argued. We'll stand for a minute.
judges: Kozinski, Kozinski, Smith, Smith, Christen, Christen